IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARK ERROLL KANIKAYNAR,**

        Petitioner,

vs.                              Civ. No. 98-17 BB/LCS

**MICHAEL SISNEROS, et al.,**

        Respondent.

.

## MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION

### NOTICE

Within ten days after receiving a copy of the proposed Findings and Recommended Disposition a party may, pursuant to 28 U.S.C. Sec. 636(b)(1), file written objections. **A party must file any objections within the ten day period if the party desires review by the district court**. **In the absence of timely filed objections, no review will be undertaken.**

Defendant Kanikaynar pled guilty to aggravated driving while intoxicated (DWI) contrary to N.M.Stat. Ann. Sec. 66-8-102 (1978) (Repl. Pamp. 1994). The basis for the aggravation was his refusal to submit to a chemical test that would determine the alcohol concentration of his breath. See Sec. 66-8-102(D)(3). Pursuant to Section 66-8-102(F)(2), his sentence was automatically increased by a minimum of 60 days confinement. After exhausting his state appeals, he brought this 28 U.S.C. Sec. 2254 petition for relief.

1

Petitioner contends the statutory scheme is unconstitutional for four reasons:

 A. The failure to inform Petitioner that refusal to submit to chemical testing could result in mandatory additional incarceration, while informing him only of the lesser administrative sanction of license revocation, is so misleading that it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

 B. The inherent contradiction between N.M. Stat. Ann. Sec. 66-8-111(A)(Repl. Pamp. 1994), which provides that when an arrested driver declines to submit to a chemical test, none shall be administered, and Sec. 66-8-102(D)(3), which enhances the penalty for a conviction of Driving While Intoxicated if the defendant refuses to submit to chemical testing, also violates the Due Process Clause;

 C. Not allowing a driver to consult with counsel before deciding whether to submit to chemical testing violates the Sixth Amendment right to counsel; and

 D. Criminalizing the refusal to consent to chemical testing is unreasonable under the Fourth Amendment.

 The petition was filed on January 7, 1998. Consequently, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996. *See Lindh v. Murphy*, 117 S.Ct. 2059, 2061, 2068 (1997). Under 28 U.S.C. Sec. 2254 (d)(1), an application for a writ of *habeas corpus* will not be granted unless the state conviction resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

 For his first claim, Petitioner relies on *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). In *Mathews,* the Supreme Court established a three prong test to evaluate procedural due process

claims, balancing (1) the nature of the interest that is being infringed, (2) the risk of erroneous deprivation under the current procedure and the efficacy of different procedures, and (3) the cost and administrative burdens of the different procedures.

Petitioner claims that, under the *Mathews* test, the New Mexico statutory scheme violates procedural due process. Petitioner also relies on *Roberts v. State of Maine,* 48 F.3d. 1287, 1294 (1st. Cir. 1995), a *habeas* case where the First Circuit conducted a *Mathews* analysis on similar statutes and held them unconstitutional.

Were *Roberts* a Supreme Court case, Petitioner's writ would be granted. However, in *South Dakota v. Neville*, 459 U.S. 553, 566 (1983), the Supreme Court did not apply the *Mathews* balancing test in evaluating whether the State had to warn drivers that their refusal to submit to a breathalyser test could be offered against them at trial.[1] In *Neville,* the United States Supreme Court held that warning a driver under arrest for DWI that he would suffer administrative sanctions ( losing his driver's licence) for refusing to submit to chemical testing did not implicitly assure the driver that there would be no other adverse consequences to his refusal. To the contrary, the Supreme Court found that the warning alerted the driver that his refusal was not a "safe harbor", so that failing to warn him of other adverse consequences from his refusal did not violate due process.

Petitioner argues that *Neville* is distinguishable from the present case because the mandatory sentence enhancement provisions herein implicate liberty, a more fundamental right than the right to remain silent. However, until the United States Supreme Court distinguishes

---

[1] Because *Roberts* was decided before Congress enacted the Antiterrorism and Effective Death Penalty Act, the First Circuit Court of Appeals did not apply the standard of review mandated by 28 U.S.C. Sec. 2254(d)(1).

*Neville* on these grounds, its factual similarity to the present case persuades this Court that the State Court of Appeals' decision in the present case is not clearly contrary to, or the result of an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court.  Accordingly, I recommend that Petitioner's first claim be denied.

Petitioner next claims that there is an inherent contradiction between Sections 66-8-111(A), which seems to create a right to refuse to submit to chemical testing, and 66-8-102(D), which enhances the penalty upon conviction of DWI if a person exercises that right.  He argues that this contradiction is a denial of due process.

As explained in *Neville,* in granting the driver the choice whether to submit to chemical testing, the State has wide latitude to attach conditions, including fairly onerous ones, to the exercise of that choice. See 459 U.S. at 563-565. (By way of analogy, the federal government employees in the *Skinner* and *Von Raab* cases discussed on page 5 would lose their jobs if they chose not to submit to chemical testing.)  As discussed above, the factual similarity between this case and *Neville* persuades this Court that the statutory scheme, and the State Court of Appeals' decision in this case upholding that scheme, was not clearly contrary to, or an unreasonable application of, clearly established Federal law as determined by the United States Supreme Court.  Accordingly, I recommend that this claim be denied.

Petitioner next contends that he has a right to consult with counsel before deciding whether to submit to chemical testing.  The United States Supreme Court dismissed this argument summarily for want of a substantial federal question in *Nyflot v. Minnesota Commissioner of Public Safety*, 474 U.S. 1027, 1029 (1985), and Petitioner offers no United States Supreme Court opinion in conflict with *Nyflot.  Because* the State Court of Appeals' decision is not contrary to,

4

or an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, I recommend that this claim be denied.

Finally, Petitioner claims correctly that the enhanced criminal penalties upon conviction of DWI for refusal to submit to chemical testing in effect criminalizes refusal to consent to a search. An unconsented to search in the absence of probable cause usually violates the Fourth Amendment. *See U.S. v. Brignoni- Ponce*, 422 U.S. 873, 882 (1975). Because chemical testing is a search, *see Skinner v. Ry. Labor Exec. Assn.*, 489 U.S. 602, 616-17 (1989), and because under Sec. 66-8-107(B) officers do not need probable cause in order to request that a driver under arrest submit to chemical testing, Petitioner argues that criminalizing the refusal to consent in such circumstances infringes on Fourth Amendment rights. This argument is not without appeal; however, many times in recent years the United Sates Supreme Court, most recently in *Chandler v. Miller,* 520 U.S. 305, 311 (1997) has recognized that, in certain situations, the government's "special needs", beyond the ordinary needs of law enforcement, justify departing from strict warrant and probable cause requirements.

The Supreme Court has generally been willing to relax fourth amendment requirements as to chemical testing of people who pose a peculiarly high risk to others. For example, in *Skinner* the Supreme Court upheld mandatory chemical testing of railroad employees who either violated safety regulations or were involved in accidents. 489 U.S. at 621. See also *National Treasury Employees Union v. Von Raab,* 489 U.S. 656, 664 (1992) ( mandatory chemical testing of Customs agents who carry firearms or are invoved in drug interdiction); *Vernonia School Dist. v. Action*, 515 U.S. 646, 656(1995) (mandatory chemical testing of interscholastic athletes). In 1990, the United States Supreme Court held that the extraordinary danger to the public posed by

intoxicated drivers, and the traffic police's difficulty in establishing probable cause, justified relaxing strict fourth amendment requirements. *Michigan Dept. of State Police v. Sitz*, 496 U.S. 444, 447 (1990). (upholding the use of sobriety checkpoints).

Section 66-8-107(B) requires that the officer have reasonable grounds to believe that the driver under arrest has been driving while intoxicated before requesting that the driver submit to chemical testing. "Reasonable grounds" is less than probable cause, but more than what was required to justify mandatory chemical testing in *Skinner, Von Raab* and *Vernonia.* Thus, under the relaxed fourth amendment standards applicable to intoxicated drivers, the State could, in these circumstances, require submission to chemical testing. It chose instead to allow drivers to refuse, but penalized the refusal. The State Court of Appeals' decision upholding this Section of the statute is not contrary to, or an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. Accordingly, I recommend that Petitioner's final claim be denied. Because I recommend that all four of Petitioner's claims be denied, I further recommend that the Respondent's Motion to Dismiss the Petition be granted, and that this case be dismissed with prejudice.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

6